IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF MISSOURI
EASTERN DIVISION

| | |
|---|---|
| AMI SCHOENFELD, <br> PLAINTIFF, | |
| v. | Case No. 4:19-cv-215 |
| RAB, INC. <br> DEFENDANT | |

## FIRST AMENDED COMPLAINT AND JURY DEMAND

### JURISDICTION

1. Jurisdiction of this Court arises under 28 U.S.C. § 1331 and 15 U.S.C. § 1692k(d).

2. Supplemental Jurisdiction exists pursuant to 28 U.S.C. § 1367.

3. This action arises out of violations of the Fair Debt Collection Practices Act, 15 U.S.C. § 1692, *et seq*. (hereinafter referred to as "FDCPA") by RAB, Inc. ("RAB").

### VENUE

4. Venue is proper in this judicial district pursuant to 28 U.S.C. § 1391(b), in that Defendant RAB transacts business in this judicial district.

5. Plaintiff resides in this District.

### PARTIES

6. Plaintiff Ami Schoenfeld, is an adult individual residing in St. Charles County, Missouri, and is a "consumer" as the term is defined by 15 U.S.C. § 1692a(3).

7. RAB is a business entity operating from Plano, Texas.

8. RAB is not registered to do business in Missouri and does not have a registered agent in Missouri, but can be served at its place of business at 6504 International Parkway, Suite

2100, Plano, TX 75093 or at 3310 Keller Springs Rd., Suite 120, Carrollton, TX 75006, or as permitted by Texas or Missouri law.

9. RAB's website (http://www.rabtx.com/) states:

> RAB, Inc. opened its doors in 1971 and has remained a significant competitor in the debt recovery industry. RAB provides … the best return on collection efforts …. Our goal [is to be leaned] upon as a provider of innovative debt recovery solutions.

10. As will be described below, RAB communicated with Plaintiff for the purpose of getting Plaintiff to pay RAB on a past-due financial obligation that will also be described below.

11. The principal purpose of RAB is the collection of debts using the mails and telephone and other means.

12. RAB regularly collects or attempts to collect, directly or indirectly, debts owed or due or asserted to be owed or due another that arose out of transactions in which the money, property or services which are the subject of the transactions are primarily for personal, family or household purposes.

13. RAB is a "debt collector" as that term is defined by 15 U.S.C. § 1692a(6).

## FACTUAL ALLEGATIONS

14. At some time in the past, Plaintiff allegedly incurred a financial obligation that was primarily for personal, family or household purposes, namely an amount due and owing on an account that was opened for repairs made to her personal airplane (hereinafter the "Account").

15. The Account constitutes a "debt" as that term is defined by 15 U.S.C. § 1692a(5).

16. The Account allegedly went into default with the original creditor.

17. After the Account allegedly went into default, the Account was placed with or otherwise transferred to RAB for collection.

18. Plaintiff admits the existence of the account, but dispute the amount RAB attempted to collect from her.

19. Plaintiff requests that RAB cease all further communications regarding the Account.

20. During the one year prior to the filing of this complaint, RAB spoke with plaintiff on the telephone about the Account.

21. On October 5, 2018, RAB called Plaintiff at 7:38 a.m.  This time of the day was inconvenient for Plaintiff to receive debt collection calls.

22. In that October 5, 2018 phone call, RAB's collector was informed early in the call that Plaintiff was a consumer and that the debt RAB was attempting to collect was a consumer debt.

23. Upon hearing Plaintiff explain why the Fair Debt Collection Practices Act applied and why Plaintiff should not be receiving calls prior to 8:00 a.m. regarding the Account, RAB's collector called Plaintiff names to belittle her.  Specifically, he called her "smarty pants."

24. When RAB's collector grew agitated that Plaintiff was making a compelling case that her account was a consumer account and that she was afforded certain rights under the FDCPA, RAB threatened to sue Plaintiff if she didn't pay the account immediately.

25. RAB did not inform Plaintiff that the communication was a call from a debt collector and/or that the call was an attempt to collect a debt and/or that any information obtained would be used for the purpose of debt collection.

26. RAB failed to inform Plaintiff of her rights to dispute the debt in question as required by 15 U.S.C. § 1692g.

27. RAB also failed to provide Plaintiff with meaningful disclosure of RAB's identity in the call described above.

28. Each telephone call to and with Plaintiff constituted a "communication" as defined by FDCPA § 1692a(2).

29. The only reason that RAB and/or representative(s), employee(s) and/or agent(s) of RAB made telephone call(s) to Plaintiff was to attempt to collect the Account.

30. The only reason that RAB and/or representative(s), employee(s) and/or agent(s) of RAB had telephone conversation(s) with Plaintiff was to attempt to collect the Account.

31. All of the conduct by RAB and their respective employees and/or agents alleged in the preceding paragraphs was done knowingly and willfully.

32. As a consequence of the collection activities and communication(s) by RAB, Plaintiff seeks damages pursuant to 15 U.S.C. § 1692k(a).

## RESPONDEAT SUPERIOR

33. The representative(s) and/or collector(s) at RAB were employee(s) and/or agents of RAB at all times mentioned herein.

34. The representative(s) and/or collector(s) at RAB were acting within the course of their employment at all times mentioned herein.

35. The representative(s) and/or collector(s) at RAB were under the direct supervision and control of RAB at all times mentioned herein.

36. The actions of the representative(s) and/or collector(s) at RAB are imputed to their employer, RAB.

## COUNT I:  VIOLATIONS OF THE FDCPA 15 U.S.C. § 1692, et seq. BY RAB, INC.

37. The previous paragraphs are incorporated into this Count as if set forth in full.

38. The act(s) and omission(s) of RAB and its representative(s), employee(s) and/or agent(s) violated 15 U.S.C. § 1692c(a)(1) and 15 U.S.C. § 1692d(6) and 15 U.S.C. § 1692e(2)&(5)&(7)&(8)&(10)&(11) and 15 U.S.C. § 1692g.

39. Pursuant to 15 U.S.C. § 1692k Plaintiff seeks damages, reasonable attorney's fees and costs from RAB.

## JURY TRIAL DEMAND

40. Plaintiff is entitled to and hereby demands a trial by jury.

## DEMAND FOR RELIEF

WHEREFORE, Plaintiffs request that the Court grant the following:

41. Judgment in favor of each Plaintiff, separately, and against RAB, Inc. as follows:

   a. Actual damages pursuant to 15 U.S.C. 1692k(a)(1);

   b. Statutory damages in the amount of $1,000.00 pursuant to 15 U.S.C. § 1692k(a)(2);

   c. Reasonable attorneys fees and costs pursuant to 15 U.S.C. § 1692k(a)(3);

   d. Such other and further relief as the Court deems just and proper.

Respectfully submitted,

/s/ Jeffrey D. Wood
Jeffrey D. Wood, Esq. (Bar No. 2006164AR)
The Wood Firm, PLLC
11610 Pleasant Ridge Rd., Suite 103
Little Rock, AR  72223
TEL:  682-651-7599
FAX:  888-598-9022
EMAIL:  jeff@jeffwoodlaw.com
Attorney for Plaintiff